UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

SHAWN C. SMITH,                                          6:10-CV-00935-TC

                        Plaintiff,

            v.                              FINDINGS and RECOMMENDATION

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                        Defendant.

COFFIN, Magistrate Judge:

        Plaintiff Shawn C. Smith brings this action pursuant to the Social Security Act, 42 U.S.C.

§ 405(g) (the Act), to obtain judicial review of a final decision the Commissioner of the Social

Security Administration (Commissioner) denying his claim that he is disabled within the meaning

of the Act. For the reasons discussed below, I recommend that the court affirm the Commissioner's

decision.

        Plaintiff completed a high school education by way of a General Educational Development

(GED) (Tr. 416, 425, 577). His past relevant work experience has been as a telemarketer, which he

Page 1 - FINDINGS and RECOMMENDATION

ceased performing as of 1998. (Tr. 95, 121, 175-76, 574-77). He was 37 years old on January 1, 1997, which was the date of his initial alleged onset of disability. (Tr. 28). The cause of plaintiff's alleged disability is bipolar disorder, borderline personality disorder, post-traumatic stress disorder, degenerative disc disease, left knee problem, and arthritis (Tr. 106, 120).

The medical records in this case accurately set forth the plaintiff's medical history as it relates to his claim for benefits. I have carefully reviewed the medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be discussed below only as they are relevant to the issues before me.

## Procedural Background

On July 26, 2004, plaintiff filed an application for a period of disability, Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI) benefits. (Tr. 20, 82-83, 128). The applications were denied initially and upon reconsideration (Tr. 59-61, 62-64, 68-72, 73-76), and plaintiff requested a hearing (Tr. 58). On September 6, 2007, an Administrative Law Judge (ALJ) held a hearing, which was continued without testimony because the ALJ referred plaintiff for a psychological evaluation. (Tr. 556-59). On March 10, 2008, the ALJ held a second hearing, at which plaintiff, an impartial vocational expert, and plaintiff's mother testified. (Tr. 560-80). On March 24, 2008, the ALJ issued a decision finding that plaintiff was not disabled and denying benefits (Tr. 17-29). Plaintiff requested review of the ALJ's decision and, on June 16, 2010, the Appeals Council denied review (Tr. 5-8), making the ALJ's decision the Commissioner's final decision that is subject to judicial review. Plaintiff timely filed an action in this court.

///

///

Page 2 - FINDINGS and RECOMMENDATION

## Standard

This court's review is limited to whether the Commissioner's decision to deny benefits to plaintiff is based on proper legal standards under 42 U.S.C. § 405(g) and supported by substantial evidence on the record as a whole. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996)(citing Sorensen v. Weinberger, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975)). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The court must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision. Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## Discussion

Plaintiff asserts that the ALJ erred by: (1) failing to consider all of plaintiff's medical limitations; (2) finding plaintiff not credible; (3) and rejecting the evidence of two lay witnesses without giving reasons germane to each witness.

///

## I. RFC Assessment

Plaintiff disputes the ALJ's Residual Function Capacity ("RFC") findings, which determined that plaintiff is capable of medium exertion work. Plaintiff argues that the ALJ did not give clear and convincing reasons for rejecting Drs. Davidoff and Kehrli's assessments that plaintiff's lifting limitations were consistent with light exertion. I disagree.

Contrary to plaintiff's assertions, the ALJ expressly gave specific and legitimate reasons for rejecting the opinions. Particularly, the ALJ found that Dr. Davidoff's opinions that plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently due to degenerative disc disease and that plaintiff had frequent postural limitations for anything involving knee flexion due to his knee brace were not entirely consistent with the treatment record. I find that there is substantial evidence to support the ALJ's finding. Significantly, neither did plaintiff demonstrate that he sought treatment for knee pain or that he was prescribed a knee brace nor did he testify to any knee problems. The ALJ further found that plaintiff sought minimal treatment for neck and back pain. The ALJ could reasonably conclude that if plaintiff's symptoms were as debilitating as he alleged, he would have sought treatment to alleviate his pain. Batson v. Comm'r of the Soc. Sec. Admin., 359 F.3d 1190, 1196-97 (9th Cir. 2004).

Because Dr. Davidoff's opinion was unsupported by the medical record and was inconsistent with the treatment records, the ALJ provided specific and legitimate reasons supported by substantial evidence for rejecting Dr. Davidoff's opinion. Consequently, I find that the ALJ's rejection of Davidoff's opinion was not in error. I also find that the ALJ properly rejected Dr. Kehlri's RFC assessment regarding plaintiff's lifting limitations to the extent that Dr. Kehlri gave Dr. Davidoff's opinion full weight. (Tr. 241, noting "Dr. Davidoff opines . . .that CL could . . . lift/carry 20/10 . .

. This opinion is given full weight and reflected in the RFC.")

Therefore, because plaintiff bears the burden of proving that he is more limited than the ALJ found, I find that the ALJ properly found that plaintiff was capable of medium exertion work. 20 C.F.R. §§ 404.1512(a), (c), 4.16.912(a), (c). I recommend that this aspect of plaintiff's dispute be rejected.

Next, plaintiff argues that the ALJ improperly amended the State psychologists' opinion that "it would be best if [plaintiff] was precluded from contact w/ the public" when the ALJ determined that plaintiff could have indirect contact with the public. (Tr. 246, 248). What the psychologists' recommendation did not state is relevant: plaintiff is incapable of working except under the recommended conditions. Therefore, I agree with the Commissioner that the ALJ did not err by excluding it from the RFC because it was merely a recommendation. Further, the ALJ's conclusion that plaintiff could have indirect contact with the public is supported by substantial evidence. For example, plaintiff acknowledged that he spoke on the phone "whenever possible" (Tr. 144), and treatment providers observed that plaintiff freely, easily, or readily engaged (Tr. 199, 212, 280), was pleasant (Tr. 214, 217, 218, 226, 275, 276, 284, 285, 365, 367, 373, 375, 380, 388, 397, 398), and was cooperative, appropriate, and/or friendly (Tr. 192, 212, 226, 269, 285, 373, 381, 416). There is also substantial evidence that plaintiff's limitations do not preclude public contact. For example, plaintiff spoke at a community college's sex health class (Tr. 479) and at a training for residential providers (Tr. 484). Thus, I find that plaintiff is not more limited than the ALJ found and, therefore, the ALJ did not err when he determined that plaintiff was capable of indirect public contact.

## II.  Credibility Findings

Plaintiff also contends that the ALJ erred by first finding an RFC, and then finding plaintiff's

Page 5 - FINDINGS and RECOMMENDATION

testimony incredible to the extent inconsistent with the RFC. However, and despite affirmative

evidence of malingering, I find that the ALJ gave clear and convincing reasons for finding plaintiff

not credible. The ALJ performs a two-step analysis in his or her credibility finding. First, the ALJ

determines if the plaintiff has shown an underlying impairment which may "reasonably be expected

to produce the pain or other symptoms alleged." Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th

Cir. 2007)(citing Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). If the plaintiff

establishes such an impairment, and there is no affirmative evidence of malingering, the ALJ

proceeds to the second step, where he or she must provide "clear and convincing" reasons for finding

a plaintiff incredible. Id.

        Here, the record contains affirmative evidence of malingering and the ALJ made specific

references thereto in his analysis. (T.R. 25-26). As a result, I find that the ALJ was not required to

give clear and convincing reasons for finding plaintiff incredible.

        Despite the affirmative evidence of malingering, the ALJ correctly assessed plaintiff's

credibility.[1] An ALJ may consider many factors in weighing a claimant's credibility, including

ordinary techniques of credibility evaluation (including prior inconsistent statements regarding

symptoms and testimony that appears less than candid), unexplained or inadequately explained

failure to seek treatment or follow prescribed treatment, and claimant's daily activities. Tommasetti,

_____

        [1] I recognize that the ALJ used "disfavored" language in his analysis by explaining that
"claimant's statements concerning the intensity, persistence, and limiting effects of these
symptoms are not credible to the extent they are inconsistent with the residual functional capacity
assessment for the reasons explained below." An ALJ must consider a claimant's credibility in
the course of assessing a residual functional capacity (20 C.F.R. § 404.1545(a)(3); SSR 96-8p at
*7 (available at 1996 WL 374184)) rather than determining credibility based on the extent which
a claimant's testimony comports with the RFC finding. Despite the ALJ's phrasing, however, the
record reflects that the ALJ properly considered plaintiff's credibility in the course of
determining the RFC.

Page 6 - FINDINGS and RECOMMENDATION

533 F.3d at 1039; <u>see also</u> 20 C.F.R. §§ 404.1529(c), 416.929(c).  Here, the ALJ noted several

inconsistencies. For example, despite plaintiff's testimony that he was mentally incapable of work,

the ALJ noted that plaintiff reported instances of increased depression on his days off.  (Tr. 25).

Furthermore, while incarcerated, plaintiff expressed frustration that he needed to qualify for

disability when he was released.  (<u>Id.</u>)  Plaintiff also did not experience anxiety and panic attacks

until after he applied for Social Security, and, despite this onset, plaintiff reported that he would do

fine if he could get his medications.  (<u>Id.</u>)  Moreover, though plaintiff alleged difficulties with sitting,

standing, walking, and lifting, the ALJ noted that plaintiff required little treatment for those pain

complaints.  (Tr. 26).  In light of the ALJ's considerations, I find that the ALJ did not arbitrarily

discredit plaintiff's testimony and that there is substantial evidence supporting the ALJ's

determination.

    Next, plaintiff argues that the ALJ erred in discrediting the lay witness evidence offered by

plaintiff's mother, Penny Wood, and half-sister, Tonilynn Gilham.  Lay witness testimony regarding

the plaintiff's symptoms "is competent and must be taken into account" unless the ALJ "expressly

determines to disregard such testimony and gives reasons germane to each witness for doing so."

<u>Lewis v. Apel</u>, 236 F.3d 503, 511 (9th Cir. 2001).  The ALJ may "draw inferences logically flowing

from the evidence."  <u>Sample v. Schweiker</u>, 694 F.2d 639, 642 (9th Cir. 1982).  An ALJ need not

discuss or reject non-probative evidence and may reject lay evidence when it conflicts with the

medical record.  <u>Vincent ex rel. v. Heckler</u>, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

    Here, the ALJ concluded that the limitations described by lay witnesses were not entirely

credible in light of the treatment record. (Tr. 26)  Specifically, the ALJ found that, in contrast to the

lay witness testimony that plaintiff suffered from severe mood swings and was almost always in pain,

Page 7 - FINDINGS and RECOMMENDATION

the medical record established that plaintiff functioned well on medications and sought minimal treatment for his pain complaints. This finding is substantially supported by the record. Bayliss v. Barnhard, 427 F.3d 1211, 1218 (9th Cir. 2005)("Inconsistency with medical evidence" is a germane reason for rejecting lay testimony). In rejecting the lay statements, however, the ALJ also credited Carol Burckhardt's 2008 opinion, which noted "that [plaintiff's] panic disorder without agoraphobia did not seem to be impacting his ability to socialize or his ability to get out and do his normal activities." Id.

As plaintiff points out, the ALJ later found that Burckhardt's 2007 opinion was not an acceptable medical source. (Tr. 27). Particularly, Burckhardt opined that plaintiff had marked limitations in social functioning and concentration, persistence or pace. Id. The ALJ concluded that, "Ms. Burckhardt is not an acceptable medical source and her opinion is given little weight. She provides no basis for the described limitations. She reports seeing plaintiff only 5 times in the past 2 years. In February 2008 she noted that his panic disorder without agoraphobia did not seem to be impacting his ability [to] socialize or his ability to get out and do his normal activities. He had no symptoms of hypomania or depression." Id. The ALJ was permitted to find that Burckhardt was not an acceptable medical source because the regulations define social workers and nurse practitioners as "other sources" and exclude them from the list of health care providers who are "acceptable medical sources." 20 C.F.R. § 404.1513(a), (d); Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1223-24 (9th Cir. 2010)(The opinions of "other sources" are evaluated as the statements of lay witnesses).

Despite rejecting Burckhardt's 2007 findings as an unacceptable medical source, however, the ALJ expressly credited Burckhardt's 2008 opinion that plaintiff's panic disorder without

Page 8 - FINDINGS and RECOMMENDATION

agorophobia did not seem to be impacting his ability to socialize or his ability to get out and do normal activities. (Tr. 26, 496). The ALJ is not permitted to selectively reference evidence to support certain parts of his decision, while ignoring the evidence when it contradicts other parts of his decision. Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984)(error for an ALJ to ignore or misstate the competent evidence in the record in order to justify her conclusion). Here, it was erroneous for the ALJ to rely on Burckhardt's 2008 opinion to find that plaintiff's panic disorder did not interfere with his ability to socialize or his ability to get out and do his normal activities, while later rejecting Burckhardt's 2007 opinion for providing no basis for plaintiff's described limitations. See Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975)(an ALJ is not permitted to reach a conclusion "simply by isolating a specific quantum of supporting evidence"); see also Fiorello v. Heckler, 725 F.2d 174, 176 (2d Cir. 1983)(the ALJ cannot selectively choose evidence in the record that supports his conclusions); Whitney v. Schweiker, 695 F.2d 784, 788 (7th Cir. 1982)("[A]n ALJ must weigh all the evidence and may not ignore evidence that suggests an opposite conclusion.")(citation omitted).

The ALJ's decision is thus internally inconsistent. However, because I find that the treatment record is a reason germane to the two lay witnesses for discrediting their statements, I find that the inconsistency is harmless. Baston v. Comm'r of the Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir. 2004)(citing Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991) (applying the harmless error standard); Booz v. Sec'y of Health and Human Serv., 734 F.2d 1378, 1380 (9th 1984) (same)). Accordingly, I recommend that this aspect of plaintiff's claim be dismissed.

## Conclusion

For the reasons discussed above, I recommend that this matter be affirmed because

Page 9 - FINDINGS and RECOMMENDATION

substantial evidence supports the Commissioner's determination and the ALJ's foregoing error is harmless.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this _____ day of April 2012.

_____
THOMAS M. COFFIN
United States Magistrate Judge